# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **ROCK CREEK NETWORKS, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**HUAWEI TECHNOLOGIES CO., LTD,**<br><br><br><br>Defendant | **Case No. 6:21-cv-00290**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rock Creek Networks, LLC ("Plaintiff" or "RCN") files this Complaint against Defendant Huawei Technologies Co., Ltd. ("Huawei" or "Defendant") for infringement of RCN's patent: U.S. Patent No. 6,671,750 (PX-750 attached).

## THE PARTIES

1. Plaintiff and patent owner RCN is a Texas limited liability company with its headquarters and principal place of business in Waco, Texas.

2. On information and belief, Defendant Huawei is an entity organized

under the laws of China, with a place of business at Bantian Huawei Base Longgang District, Shenzhen, Guangdong, 518129 China.

## JURISDICTION AND VENUE

3. This is a patent suit brought under the United States Patent Act, namely 35 U.S.C. §§ 271, 281, and 284-285, among other laws. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant markets, sells, and delivers accused products in this District, directs and instructs customers and end users how to use the accused products in this District, and has committed acts of infringement in this District.

5. Venue is proper as to Huawei in this District under 28 U.S.C. § 1391(c) because Huawei is a foreign corporation.

## NOTICE OF RCN'S PATENT

6. Plaintiff is the owner, by assignment, of U.S. Patent No. 6,671,750 (the "'750 Patent"), entitled LAN INTERFACE, which issued on December 30, 2003. A copy of the '750 Patent is attached hereto as Exhibit PX-750.

7. RCN possesses all rights of recovery under the Asserted Patents.

8. Defendant has been on notice of the '750 Patent at least as early as the date it received service of this complaint.

## HUAWEI'S PRODUCTS

9. On information and belief, Huawei makes, imports, sells, offers to sell, distributes, licenses, markets and/or uses switches and LAN adaptors such as the S5720 switch, S5335-L switch, S5335-S switch, S7800 switch, S9300 switch, S9200E switch, and SP-380 NIC ("the Accused Products").

10. According to Huawei, the Accused Products support IEEE 802.3az. This energy efficient Ethernet (EEE) decrease power consumption of the system.



http://www-file.huawei.com/~/media/CNBG/Downloads/Product/Fixed%20Network/carrierip-dcswitches/Huawei%20S9300E%20Switch%20Product%20Brochures.pdf.

COMPLAINT FOR PATENT INFRINGEMENT                                                                         PAGE | 3

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,671,750

11. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

12. The '750 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Plaintiff is the owner by assignment of the '750 Patent.

14. The Accused Products are designed to connect to provide interactive services using applications.

15. Upon information and belief, Defendant has infringed and continue to infringe one or more claims, including Claim 1, of the '750 Patent by making, using, importing, selling, and/or, offering for sale the Accused Products in the United States without authority.

16. Defendant has infringed and continues to infringe the '750 Patent either directly or through the acts of inducement in violation of 35 U.S.C. § 271.

17. Defendant encourages others, including their customers, to use the Accused Products in the United States without authority.

18. Claim 6 of the '750 Patent recites:

> 6. A LAN interface comprising:
>
> a LAN controller for processing a signal transmitted from a terminal

> connected to an I/O bus and then transmitting a processed signal to said counter device, and for processing a signal transmitted from said counter device and then transmitting a processed signal to said connection device;
>
> a separator connected between said LAN controller and said I/O bus, for electrically disconnecting said LAN controller from said I/O bus; and
>
> a link pulse detector for operating on a predetermined voltage supplied via said I/O bus and detecting a link pulse from said counter device connected to said connection port;
>
> wherein said link pulse detector, when detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to an operation state thereof and, when not detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to a non-operation state.

19. As exemplified in the information referenced in the above paragraphs and the use of one or more of the Accused Products, the Accused Products include a LAN interface that has LAN controller for processing a signal transmitted from a terminal connected to an I/O bus and then transmitting a processed signal to said

counter device, and for processing a signal transmitted from said counter device and then transmitting a processed signal to said connection device.

20. The Accused Product has a LAN interface that has a separator connected between said LAN controller and said I/O bus, for electrically disconnecting said LAN controller from said I/O bus.

21. The LAN interface includes a link pulse detector for operating on a predetermined voltage supplied via said I/O bus and detecting a link pulse from said counter device connected to said connection port.

22. In operation, the link pulse detector, when detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to an operation state thereof and, when not detecting a link pulse output from the counter device, controls the LAN controller and the isolation section to controllably bring them to a non-operation state.

23. Defendant's infringing activities are and have been without authority or license under the '750 Patent.

24. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringing acts, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant:

1. declaring that the Defendant has infringed the '750 Patent;

2. awarding Plaintiff its damages suffered as a result of Defendant's infringement of the '750 Patent;

3. awarding Plaintiff its costs, attorneys' fees, expenses, and prejudgment and post-judgment interest; and

4. granting Plaintiff such further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: March 24, 2021

Respectfully Submitted,

By: */s/ Cabrach Connor*
Cabrach J. Connor
State Bar No. 24036390
Email: cab@connorkudlaclee.com
John M. Shumaker
State Bar No. 24033069
Email: john@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile
**ATTORNEYS FOR PLAINTIFF**